```
                                                                  1
 1
                   IN THE UNITED STATES DISTRICT COURT
 2                    SOUTHERN DISTRICT OF ALABAMA
                           SOUTHERN DIVISION
 3

 4
     THE UNITED STATES OF AMERICA
                                    ] No. CR-07-292

 6                                  ] MOBILE, ALABAMA

 7   Vs.                              JANUARY 17TH, 2008

 8   CHRISTOPHER KNIGHT              ] 11:00 A.M.

 9   ----------------------------------------------------------

10                              -----

11

12                              VOLUME I
                        TRANSCRIPT OF GUILTY PLEA
13                 BEFORE THE HONORABLE KRISTI K. DUBOSE
                           U.S. DISTRICT JUDGE
14
                             APPEARANCES:
15
     FOR THE GOVERNMENT:          UNITED STATES ATTORNEYS OFFICE
16                                6TH FLOOR
                                  63 SOUTH ROYAL STREET
17                                MOBILE, ALABAMA
                                  BY:  MARIA MURPHY
18

19

20   FOR THE DEFENDANT:           AL PENNINGTON
                                  ATTORNEY AT LAW
21                                MOBILE, ALABAMA

22

23   COURT REPORTER              EDWIN J. HOWARD

24

25
```

```
 1              THE CLERK:    Next case set for change of plea
 2   07-dash 292.  Defendant Christopher Knight.  What says the
 3   government.
 4  MS. MURPHY:  Ready, Your Honor.
 5              THE CLERK:    And the defendant?
 6              MR. PENNINGTON: Ready.
 7              THE COURT:    All right.   Mr. Knight, if you will
 8   raise your right hand.  He can stay seated.
 9              Defendant sworn.
10              THE COURT: Okay.  All right.   Mr. Knight, I need
11   to ask you some questions to determine whether you are
12   competent to plead and whether this is a voluntarily plea.
13              If you will state your full name.
14   A.         Christopher N. Knight.
15   Q.         Hold are you?
16   A.         Thirty-one.
17   Q.         How far did you go in school?
18   A.         Eighth th grade.
19   Q.         Can you read and write the English language?
20   A.         Yes, ma'am.
21   Q.         Well, have you had any problem communicating with
22   your attorney?
23   A.         No, ma'am.
24   Q.         Have you ever been treated for any type of mental
25   illness?
```

```
 1   A.        Not really, no, ma'am.
 2   Q.        You may not -- I mean depression or anything like
 3   that.
 4   A.        No, ma'am.  Nothing like that.  Just low --
 5   comprehension is low, that's about it.
 6   Q.        Have you ever been treated for any type of drug
 7   addiction?
 8   A.        No, ma'am.
 9   Q.        Okay.  And when you say a low comprehension
10   level, you have seen the plea agreement, did you go over
11   that plea agreement with your attorney before you signed it?
12   A.        Yes, ma'am.
13   Q.        Did he read it to you and explain it?
14   A.        Yes, ma'am.
15   Q.        And also the charge against you, did he go over
16   that with you?
17   A.        Yes, ma'am.
18   Q.        You understand that?
19   A.        Yes, ma'am.
20   Q.        Are you fully satisfied with his advice that he
21   has given you in this case?
22   A.        Yes, ma'am.
23   Q.        Okay.  Now, are you currently under the influence
24   of any type of drug or alcohol or medication?
25   A.        No, ma'am, not at all.
```

```
 1   Q.         You have seen the plea agreement in this case and
 2   the plea agreement indicates that the government is going to
 3   recommend a within the guideline sentence in return for your
 4   plea of guilty to count one and two.  You understand it that
 5   way?
 6   A.         Yes, ma'am.
 7   Q.         You also understand that by signing this plea
 8   agreement and pleading guilty today you have given up your
 9   right to appeal this sentence unless I go beyond the
10   guidelines or beyond the statutory maximum.  You understand
11   that?
12   A.         Yes, ma'am.
13   Q.         Now, Count one carries a penalty of up to 30 years
14   in prison, but it has a five year mandatory minimum.  That
15   means I impose at least five years on you.  You understand
16   that?
17   A.         Yes, ma'am.
18   Q.         A $250,000 fine, three years to life, supervised
19   release and hundred dollars special assessment.  Count two
20   carries a penalty of up to 30 years in prison, $250,000
21   fine, three years to life, supervised release and hundred
22   dollars special assessment.  Do you understand that?
23   A.         Yes, ma'am.
24   Q.         All right.  Now, there are also guidelines that
25   apply to your case.  Have you gone over those with your
```

```
 1   attorney?
 2              MR. PENNINGTON:  We went over -- he has asked, as
 3   you can well imagine, what the guidelines would ultimately
 4   be.
 5              THE COURT:  Hu-huh.
 6              MR. PENNINGTON:  We went over the initial
 7   probation conference guidelines, Your Honor.
 8              THE COURT:  But you understand those are just
 9   calculations of -- pre-calculations, but I won't know what
10   they are until we have done a full background check.  You
11   understand that?
12   A.         Yes, ma'am.
13   Q.         You understand they are advisory, and I don't have
14   to follow them?
15   A.         Yes, ma'am.
16   Q.         All right.  Anybody tried to force you to plead
17   guilty today?
18   A.         No, ma'am.
19   Q.         Anybody promised you anything that is not included
20   in that plea agreement?
21   A.         No, ma'am.
22   Q.         You understand you are pleading guilty to a felony
23   offense.  You will lose the right to vote, the right to hold
24   public office, the right to have a firearm?
25   A.         Yes, ma'am.
```

```
 1   Q.       You understand that you could continue in your
 2   plea of not guilty and we'll have a trial.  You will be
 3   presumed innocent.  The government would have to prove your
 4   guilt beyond a reasonable doubt.  You will have the right to
 5   assistance of counsel, the right to cross-examination the
 6   government witnesses, the right to present your own
 7   witnesses, the right to compel witnesses on your behalf to
 8   attend your trial, you will have a right to choose to
 9   testify or not testify.  But by pleading guilty today there
10   will not be a trial.  And you will give up all of those
11   rights.  You understand that?
12   A.       Yes, ma'am.
13   Q.       The government would give the elements and the
14   facts you will relief on?
15           MS. MURPHY:  Yes, Your Honor.  In addition there
16   is one handwritten provision in addition to the plea
17   agreement the Court was provided yesterday.  And that
18   includes that as additional consideration for the
19   defendant's plea the United States has agreed not to seek
20   charges against his wife, Kimberly Knight, for enticement of
21   a child, traveling in interstate commerce for illicit sexual
22   conduct with a child and obstruction of those two counts.
23   That's handwritten in the plea agreement.
24           THE COURT:  Okay.
25           MR. PENNINGTON:  It's initialled by all of us.
```

```
 1              THE COURT:  All right.
 2              MS. MURPHY:  The defendant is pleading guilty to a
 3    count of 18 United States Code Section 2422 B, enticement of
 4    a child, as charged in count one of the superseding
 5    indictment.
 6              In order to prove that offense the United States
 7    must prove that the defendant, using the mail or facility or
 8    means of interstate or foreign commerce, knowingly
 9    persuaded, induced, enticed or coerced an individual who had
10    not reached the age of 18, to engage in sexual activity, for
11    which a person can be charged with a criminal offense or
12    attempts to do so.  Alabama statute 13(a)662 makes it a
13    crime for a person being 16 years of age or older, he
14    engages in sexual intercourse with a member of the opposite
15    sex, less than 16 but more than 12 years old, and the actor
16    is at least two years older than the member of the opposite
17    sex.
18              The defendant is also pleading guilty to count two
19    of the superseding indictment, which charges that the
20    defendant traveled in interstate commerce for the purpose of
21    engaging in illicit sexual activity.  Those elements are
22    that the defendant did travel in interstate commerce.  And
23    that did he so knowingly and with the purpose of engaging in
24    illicit sexual conduct, that is sex act as defined in 18
25    United States Code Section 2246 with if such act had
```

```
 1   occurred in the special or maritime territorial jurisdiction
 2   of the United States.
 3            The United States is prepared to prove that the
 4   defendant was born on July of 1996 and resided in Wiggins,
 5   Mississippi between December of 2005 and January 7th of 2006
 6   he used an internet account to communicate with a 14-year
 7   old female child in Silverhill, Alabama.  A computer
 8   connected to the internet is a facility of interstate
 9   commerce.
10            The defendant requested that the child send
11   pictures of herself to him.  They would conduct chats of a
12   sexual nature.  And the defendant then instructed the child
13   on how to delete those chats from her computer.  The
14   defendant described in these chats the different types of
15   sex acts that he wanted to perform with the child.
16            On January 7th of 2006 the defendant and the child
17   agreed to meet, following one of those Internet chats.  The
18   defendant then traveled from his home in Mississippi and
19   picked up the child in Silverhill, Alabama.  The defendant
20   obtained a hotel room at the Microtel Inn in Daphne, Alabama
21   where they engaged in oral sex and intercourse.
22            THE COURT:   Do you agree the government could
23   prove those facts against you.
24            MR. PENNINGTON:   We expect that is what the
25   evidence would be, Your Honor.
```

1  THE COURT: I would like for the defendant to
2  respond. Do you agree the government could prove those
3  facts against you?
4  THE DEFENDANT: Yes, ma'am.
5  THE COURT: Okay. Now, is the time to tell me if
6  there is something you need to tell me.
7  THE DEFENDANT: Nothing. Just that I was wrong
8  for, you know, what I done.
9  THE COURT: I understand that. But I mean if --
10 you seem hesitant to agree to those facts. If there is
11 something you are going to contest I need to know about
12 that.
13 MR. PENNINGTON: There is nothing.
14 THE COURT: Okay.
15 THE DEFENDANT: I am with Al's decisions. He says
16 there is nothing.
17 THE COURT: Okay. Well, you know what the facts
18 are. Is there some fact that you need to contest.
19 THE DEFENDANT: I mentioned to Al there was a few
20 that wasn't, but he said that really doesn't matter.
21 MR. PENNINGTON: The only issue he really had was
22 that he didn't recall having instructed her on how to delete
23 anything.
24 THE COURT: But you agree --
25 THE DEFENDANT: Yes, ma'am.

```
 1                THE COURT:   The witness would say that?
 2                MR. PENNINGTON:   That's the testimony.
 3                THE COURT:   And the government would be able to
 4   present that evidence against you.  You agree with that?
 5                MR. PENNINGTON: Is that what she would say,
 6   whether you did it or not.
 7                THE DEFENDANT:   Yes, ma'am, she probably would
 8   have said that.
 9                THE COURT:   And that's not a necessary element of
10   either of the offenses?
11                MS. MURPHY:   No, ma'am.
12                THE COURT:   All right.   One thing, before I ask
13   for you -- what your plea is.  Just to make sure, I said it
14   was five to thirty years.  Something just occurred to me
15   that -- wasn't this changed to ten years mandatory minimum
16   for this offense?  And when did that go into affect?
17                MS. MURPHY:   No, ma'am.   I believe it to be five.
18                MR. PENNINGTON: I think it's -- my recollection is
19   at the time of this offense it was -- I don't remember right
20   off.
21                THE COURT:   All right.  Do you have a 2007 book?
22                MS. MURPHY:   No, ma'am.
23                THE COURT:   Melanie go get my 2007 off my desk.
24   This is 2006.  When did this offense occur?
25                MS. MURPHY:   2006, Your Honor.
```

```
 1            THE COURT:    The 2007 would be correct then.  I
 2   believe its been changed to ten now under 2007.
 3            MR. PENNINGTON: Yeah, I think it changed some
 4   months ago.
 5            THE COURT:    But in any event this occurred in
 6   2006.  How do you plead?
 7            THE DEFENDANT:  Is it five?
 8            THE COURT:    Yes, it's five, yes.
 9            THE DEFENDANT:  Guilty, Your Honor.
10            THE COURT:    Okay.  It is the finding of the Court
11   in the case of United States versus Christopher Knight that
12   the defendant is fully competent and capable of entering
13   informed plea.  That the defendant is aware of the nature of
14   the charges and the consequences of the plea.  And the plea
15   of guilty is a knowing and voluntarily plea supported by
16   independent base in fact containing each of the essential
17   elements of the offense.  The plea is therefore accepted and
18   the defendant is now adjudicated guilty.
19            Going to be a written presentence report prepared,
20   Mr. Knight, and you will be asked to give information.  Your
21   attorney would be present during that.  If you wish to
22   object to anything in the report you can file that or your
23   attorney will file that with the Court.
24            How long do you expect this sentencing to occur --
25   I mean sentencing hearing to last?
```

1     MS. MURPHY:  I would think not more than an hour.
2     THE COURT:  I am going to set you for April 25th,
3  at 1:30.  We have a brief sentencing before you and we'll
4  reserve an hour for you after that.
5     At your sentencing hearing you may speak on your
6  own behalf, you may have witnesses and of course your
7  attorney will be there to represent you.
8     Anything else in this case?
9     MS. MURPHY:  No, ma'am.
10    MR. PENNINGTON: No,  Your Honor.
11    THE COURT:  All right.  Thank you.
12
13
14
15
16
17
18
19
20
21
22
23
24
25

file:///C|/Documents%20and%20Settings/Eddie/Desktop/117KNIGHT.TXT

                                                              13
 1                      ---------
 2
 3            COURT REPORTER'S CERTIFICATE.
 4
 5                  I certify that the foregoing is a
 6   correct transcript from the record of proceedings.
 7
 8
 9
10                          _____
11                          Edwin J. Howard, CSR #419
12                          Official Court Reporter
13                          U.S. Courthouse
14                          113 St. Joseph Street
15                          Mobile, Alabama
16                          251-438-4990
17
18                      ---------
19
20
21
22
23
24
25