```
 1
                IN THE UNITED STATES DISTRICT COURT
 2                 SOUTHERN DISTRICT OF ALABAMA
                          SOUTHERN DIVISION
 3

 4
      THE UNITED STATES OF
 5    AMERICA                        ] No. CR-07-292

 6                                   ] MOBILE, ALABAMA

 7    Vs.                              MAY 16TH, 2008

 8    CHRISTOPHER KNIGHT             ] 11:00 A.M.

 9    --------------------------------------------------------

10

11                              VOLUME I
                         TRANSCRIPT OF SENTENCING
12              BEFORE THE HONORABLE KRISTI K. DUBOSE
                          U.S. DISTRICT JUDGE
13
                              APPEARANCES:
14
      FOR THE GOVERNMENT: UNITED STATES ATTORNEYS OFFICE
15                        6TH FLOOR
                          63 SOUTH ROYAL STREET
16                        MOBILE, ALABAMA
                          BY:  MARIA MURPHY
17

18

19    FOR THE DEFENDANT:  AL PENNINGTON
                          ATTORNEY AT LAW
20                        MOBILE, ALABAMA

21

22    COURT REPORTER      EDWIN J. HOWARD

23

24

25
```

```
 1              THE CLERK:   We are in court for sentencing
 2   in the criminal case 07-292, USA versus Christopher
 3   Knight.
 4              What says the government?
 5              MS. MURPHY:  Ready, Your Honor.
 6              THE CLERK:   And the defendant?
 7              MR. PENNINGTON:  Ready, Your Honor.
 8              THE COURT:   All right.  The probation
 9   office has determined that the base offense level in
10   this case is a 24.  With the adjustments of -- comes up
11   to a 30.  But with acceptance of responsibility, brings
12   it to a 27.  There are seven criminal history points,
13   which includes a previous conviction for assault of two
14   girls under the age of 14.  Which brings a criminal
15   history category of four.  Sentencing guideline range of
16   100 to 125.
17              And when we had this hearing before I put
18   the defendant on notice whether I was going to allow him
19   to receive acceptance of responsibility and also whether
20   there were grounds for upward departure in this case.
21              So at this point I did not received any
22   objections to this from the government or the defendant.
23              MR. PENNINGTON:  No.
24              THE COURT:   But with the Court's notice I
25   will hear from you Mr. Pennington, anything you would
```

```
 1   like to present.
 2              MR. PENNINGTON:  Your Honor, we were unable
 3   to get the complete school records as a result of
 4   damages done by hurricane --
 5              THE COURT:   If you will get to a
 6   microphone.
 7              MR. PENNINGTON:  Sorry.  Katrina made it
 8   impossible to get complete school records due to
 9   damages.  We don't have records that we can offer
10   concerning that.  And Mr. Knight's employer who had
11   hoped to come to testify would -- was unable to come.
12   But I would like to offer some observations to the Court
13   that may address the issue of his acceptance and what
14   the Court might do.  These are my personal observations
15   from attempting to represent Mr. Knight.  If the Court
16   will indulge me.
17              It's an uncomfortable thing to have to say
18   with Mr. Knight sitting here next to me, but I would say
19   it anyway.  Mr. Knight exhibited over the period of time
20   I represented him some slowness in his understanding of
21   what I was explaining.  Not to the sense that he didn't
22   understand he was charged with criminal activity or
23   wasn't able to explain to me what took place.  But in
24   discussing things such as the plea agreement, the
25   presentence investigation those type of things, things
```

```
 1   had to be gone over with Mr. Knight in excruciating
 2   detail and often on a repeated basis.  By that I'm not
 3   talking about going through the plea agreement once and
 4   then going through it a second time.  I am talking about
 5   line by line, paragraph by paragraph, often two or three
 6   times each time we did it.  In order for him, because he
 7   would have very often the same question on more than one
 8   occasion.  And with questions that would be -- would go
 9   off collaterally that didn't directly, necessarily
10   address the particular issues that we were trying to
11   address in the plea agreement and the presentence
12   investigation.
13              He has, as the presentence investigation
14   reflects, never had employment that was anything more
15   sophisticated than very unskilled labor.  By that, in
16   that sense I mean, you know, he was worked at an
17   automobile dealership where his primary functions were
18   detailing, moving cars from one location to another.  No
19   mechanic work, no sophisticated work at all.  And I
20   would proffer to the Court that if his employer were
21   here he would indicate to the Court that in so doing, if
22   he wanted Mr. Knight to move, say, a white Honda, he
23   would have to say, that white Honda, and it has to go to
24   a particular place.  And may very often have to do that
25   on more than one occasion.
```

```
 1                 To the extent that he indicates something
 2     other than a full acceptance of responsibility in his
 3     interview with probation, I would suggest to the Court
 4     that that may in part be due to his inability to
 5     understand exactly what the relative rolls are in this.
 6     He is unsophisticated and not particularly quick when it
 7     comes to making decisions.
 8                 I am going to let Mr. Knight speak to the
 9     Court and I am going to let him explain to you his own
10     feelings and his own under -- his appreciation of what
11     has gone on here.  But Mr. Knight is not, with all due
12     respect to the Court's concerns, and I understand them,
13     certainly I understand them.  As the Court well knows, I
14     have been doing this a long time.  And I understand the
15     concerns that now we have people who are subjected to
16     substantial sentences for viewing material that is --
17     don't rise to the level of a consummated act.  And I
18     understand that, Your Honor.  And to a certain extent
19     Mr. Knight understands that.
20                 But I will ask the Court to give him his
21     acceptance of responsibility.  He does accept it, he
22     does understand it.  He does understand that no matter
23     how unsophisticated, he was the adult.  It was his
24     obligation to make those decisions and make them
25     hopefully in an adult manner.  And I would ask the Court
```

```
 1   not to do an upward departure.  But that Mr. Knight
 2   understands that he needs whatever help is available
 3   through the system and everybody, the Court, the Bureau
 4   of Prisons, everybody struggles with what help is
 5   meaningful.  I understand that as well.  I would ask the
 6   Court to hear Mr. Knight and sentence him within the
 7   guidelines.
 8            And I would offer Mr. Knight.
 9            THE COURT:   If you will bring his
10   microphone down to him.
11            MR. PENNINGTON:  Tell her what you have to
12   say.
13            THE DEFENDANT:   I mainly had wanted to
14   apologize for the mistake I have made to the court and
15   the Federal Marshal and D A.  And most definitely my
16   family and the family of the daughter and also the
17   daughter.  I made a mistake and it's all my fault so I
18   have to face the consequences.  And I would like to say
19   that -- I would -- please give me a second chance and
20   also maybe possibility if there is any help offered
21   through programs and things of that nature, that would
22   be really appreciated.  And I kind of woke up a little
23   and see that I have a problem.
24            THE COURT:   Mr. Knight, I would like you to
25   address why you should the probation officer, I thought
```

```
 1   she was 19 years old.  Did you say that -- is that what
 2   you said or is there a context that was taken out of?
 3   Or can you explain that to me.
 4              THE DEFENDANT:  The originally I met her
 5   through a date site which you have to be 18 year old or
 6   older.
 7              THE COURT:   Right.
 8              THE DEFENDANT:  That's where our first
 9   contact was made.  I responded to her through what we
10   call an ice breaker and you had to -- under the -- I
11   think it's terms and conditions you have to be 18 years
12   old or older to be on the Web site.  And her profile
13   stated that she was 19.  So that's why I assumed she was
14   19.
15              THE COURT:   I know, but at what point did
16   you know she wasn't 19.
17              THE DEFENDANT:  Well, when the police
18   arrested me.
19              THE COURT:   Okay.  Did you hear her mother
20   testify a couple of week ago that she told you her child
21   was 14 years old.
22              THE DEFENDANT:  Yes, ma'am, I heard her say
23   that.
24              THE COURT:   Right.  Do you have anything
25   else you would like to say.
```

```
 1                THE DEFENDANT:  I don't recall or remember
 2   even talking to her mother.
 3                THE COURT:   All right.
 4                THE DEFENDANT:  It was just briefly to her
 5   occasionally and it wasn't very often.
 6                THE COURT:  All right.  Mr. Pennington, do
 7   you have any other witnesses you would like to present.
 8                MR. PENNINGTON:  No, Your Honor, I have
 9   examined Web postings, I have some copies of them, I'm
10   reluctant to put them in the record because they are not
11   particularly flattering.  But there are indications that
12   his misunderstanding about her age was, at that time,
13   genuine.  I don't suggest for a moment that there was
14   not a point in time where he knew she was under the age
15   of 19.  It's just in the context of he questioning and
16   his context of understanding exactly what is being
17   asked, I would suggest to the court, that when asked
18   that question, his initial belief, you know, that is
19   what he expressed, his initial belief was that she was
20   19.  Certainly he came to know that she was under the
21   age of 19.
22                THE COURT:   Well, not according to him.  I
23   don't know if I agree with your initial pitch that he is
24   not a sophisticated individual.  He may not have the
25   education level and his work history may show that, but
```

```
 1   his sophistication has certainly shown his ability to
 2   maneuver around the Internet and get into chat rooms and
 3   read terms and conditions.  So it's a lot more
 4   sophisticated than you believe it to be, Mr. Pennington.
 5               THE DEFENDANT:  Your Honor, can I say one
 6   thing?
 7               THE COURT:   Yes, sir.
 8               THE DEFENDANT:  I did have my doubts.  And I
 9   questioned her multiple times and she would still
10   insinuate that she was 19.  But, yes, ma'am, I did have
11   a feeling or doubt that she was under age.  And like a
12   fool I continued on.  And which I shouldn't have had.
13   If I could take back the thing that I have done and wind
14   back the time I would most definitely do that, but I
15   can't to that.  So again I'm truly sorry what I done.
16   And I can assure you it wouldn't happen again.
17               THE COURT:  Okay.   I will hear from the
18   government.  Do you have anything you would like to
19   present?
20               MS. MURPHY:  Present, no, ma'am.  I would
21   like to point out that far from saying -- far from
22   exhibiting any kind of slowness, what he is exhibiting
23   is a technical manipulation or what he intended his
24   defense to be.  There are many of those Web sites that
25   require to say they are 18.  And the defendant, as
```

```
 1    everyone that goes into those Web sites know, people say
 2    they are 18 when they are not 18.  The defendant,
 3    besides being told by the mother that the child was 14
 4    when he went to pick her up on two occasions, he had to
 5    sneak her out of the house.  Park down the street and
 6    wait for her to sneak out of the house.  Those actions
 7    are all consistent with him knowing that what he was
 8    dealing with was a young child.
 9              THE COURT:   I find that he has not accepted
10    responsibility.  And find that the offense level should
11    be a level 30.  I have read the letters that have been
12    sent to me by his mother and his wife.  Your wife
13    indicates that you have been a good father to her two
14    small boys.  And your mother indicates that you are a
15    good son and hopes that we'll place you somewhere close
16    to them.
17              I have considered the very seriousness of
18    this offense.  As I stated before, I have these people
19    that come before me who have just viewed child
20    pornography.  And while that is a very serious offense
21    too, they are receiving 10 to 15 years for viewing.  I
22    am not sure how your guidelines calculated out, quiet
23    frankly, to be so low, considering that you not only
24    engaged in conversation but you actually raped a 14 year
25    old child.  And I combined that with the fact of your
```

```
 1   previous convictions for assaulting two girls under the
 2   age of 14.
 3                And what I find is that I need to protect
 4   the public, I need to give a sentence here that will
 5   take into consideration the protection that the public
 6   deserves.  Punishment, hopefully some kind of
 7   deterrence.  I hope you do get help while you are in
 8   prison.  I hope you are serious about that.
 9                THE DEFENDANT:  Yes, ma'am, I am.
10                THE COURT:   I have taken into consideration
11   that you did plead guilty.  And that weighs on me also.
12   Because of that I do find it to be -- you have not
13   accepted responsibility, such that you should receive
14   the three points off.
15                THE DEFENDANT:  Your Honor --
16                THE COURT:  But I am going to sentence you
17   at the low end of the guidelines, at a level 30, which
18   is 135 months.  I feel that that does recognize that you
19   did plead guilty, whether you fully accept
20   responsibility, which I have found you do not, have not.
21   But I also believe that these 11 years in prison will
22   hopefully -- you will gain some type of rehabilitation
23   and you will not be a threat to society --
24                THE DEFENDANT:  Your Honor.
25                THE COURT:   If you will stand I will read
```

```
 1   your sentence.
 2              THE DEFENDANT:  Can I say something?
 3              THE COURT:   Yes, sir.
 4              THE DEFENDANT:  I don't understand why that
 5   the Court doesn't believe I accepted responsibility.
 6   You know, I truly made a very bad mistake.  And if I can
 7   do anything to help me in this situation it would really
 8   be appreciated Your Honor.  I know I shouldn't have done
 9   it.  And, like I say, I continued to do it.  And I made
10   some bad choices in my life and I didn't really have any
11   sense of direction, I guess you could say.  Just -- I
12   was keep of wondering -- I just really ask for
13   forgiveness from you.  And I pray every night that God
14   forgives me.  And I really ask you to please reconsider
15   the responsibility, that I really want to do better.
16   And I really want to get right.  I want to go before
17   classes and get my GED and get some type of school and
18   some type of help for this problem that I have.
19              THE COURT:   I hear you.
20              THE DEFENDANT:  And I just -- I would
21   please, please reconsider Your Honor.
22              THE COURT:   If you would stand I have made
23   my decision.  Pursuant to the Sentencing Reform Act of
24   1984 it's the judgment of the Court that the defendant
25   Christopher N. Knight is hereby committed to the custody
```

file:///C|/Documents%20and%20Settings/Eddie/Desktop/516KNIGHT.TXT

13

```
 1    of the United States Bureau of Prisons to be imprisoned
 2    for a term of 135 months on each counts one and two.
 3    Both such terms to run concurrently.  The Court
 4    recommends that the defendant be imprisoned at an
 5    institution where he may be evaluate and receive
 6    in-depth psychological counseling and/or if the
 7    defendant volunteers at the Federal correctional
 8    institute in Devins, Massachusetts, so that he may
 9    attend the sex offender treatment program.
10              Upon release from imprisonment the defendant
11    be placed on supervised release for a term of life on
12    each Counts One and two.  Said terms to run currently.
13    Within 72 hours of release from the custody of the
14    Bureau of Prisons the defendant shall report in person
15    to the probation office in the district to which the
16    defendant is released.
17              While on supervised release you shall not
18    commit any federal, state or local crimes.  And you
19    shall be prohibited from possessing a firearm or other
20    dangerous device and shall not possess a controlled
21    substance.  In addition you are to abide by the standard
22    conditions of supervised release.
23              It is also ordered that you participate in a
24    mental health sex offender treatment evaluation testing
25    and clinical program and other assessment programs as
```

```
 1    directed by the probation office.
 2               You shall not possess or use any type of
 3    computer with access to online computer services at any
 4    location, including your employment, without the
 5    permission of the probation office.  And you shall
 6    consent to periodic unannounced examination of any
 7    computer equipment, cell phone, anything that is capable
 8    of accessing the internet which may include retrieval
 9    and copying of all data from your computer.
10               Also the Defendant shall register with the
11    state as a sex offender in any state where you are
12    residing, carry on a vocation or student or as directed
13    by the probation office.
14               I find that you don't have ability to pay a
15    fine therefore a fine is not imposed.  I find that the
16    recommended guideline range is appropriate to the
17    circumstances of the case.  Although I have not given
18    you acceptance of responsible I have sentenced you at
19    the low end of the applicable guidelines because you did
20    in fact plead guilty in this case.
21               I believe the sentence imposed addresses the
22    seriousness of the offense and the objectives of
23    punishment, deterrence and incapacitation.
24               It's ordered that you pay a special
25    assessment of $200, which shall be due immediately.
```

```
 1                  I will hear any objection there the
 2     government.
 3                  MS. MURPHY:   None, Your Honor.
 4                  THE COURT:   From the defense?
 5                  MR. PENNINGTON:   Your Honor, we need to note
 6     for the record that he lives in Mississippi, for
 7     purposes of Bureau of Prisons placement.
 8                  THE COURT:   I will do that, but he just got
 9     through telling me that he wanted help for his problem.
10     In order to get help for his problem he will need to
11     volunteer to go to Massachusetts.   If he chooses not to
12     do that they will place him as close as possible to his
13     home.
14                  MR. PENNINGTON:   For the purposes of the
15     record I object to the court's denial of acceptance of
16     responsibility.
17                  THE COURT:    All right.   And for purposes
18     of the record I will put on here that even if I had
19     given him acceptance of responsibility it would have
20     been the position of the court that an upward departure
21     was called for in this case, because the guidelines,
22     although they did take into account his criminal
23     history, the fact that he had a similar conviction for
24     engaging in conduct not dissimilar to this with two
25     girls under the age of 14, would have -- the Court would
```

1  have felt the need to protect the public would have
2  justified an upward departure.  If that's all,  we are
3  in recess.  Thank you. Oh, Mr. Knight, you have a right
4  to appeal. You must file that notice of appeal within
5  ten days and your attorney, Mr. Pennington can assist
6  you in doing that.
7
8
9
10
11                      * * * * * *
12
13
14
15
16
17
18
19
20
21
22
23
24
25

```
 1
 2                         ---------
 3
 4        COURT REPORTER'S CERTIFICATE.
 5
 6            I certify that the foregoing is a correct
 7   transcript from the record of proceedings.
 8
 9
10
11                              _____
12                              Edwin J. Howard, CSR #419
13                              Official Court Reporter
14                              U.S. Courthouse
15                              113 St. Joseph Street
16                              Mobile, Alabama
17                              251-438-4990
18
19                         ---------
20
21
22
23
24
25
```